IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAILLIARD LUCEIN KING, ) | |
| ) | |
| Petitioner, ) | No. C 06-0934 TEH (PR) |
| ) | |
| vs. ) | ORDER OF DISMISSAL |
| ) | |
| THOMAS L. CAREY, Warden, ) | |
| ) | |
| Respondent(s). ) | |
| ) | |

Petitioner, a state prisoner incarcerated at California State Prison, Solano, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his October 24, 2003 conviction and sentence from the Superior Court of the State of California in and for the County of San Mateo.

After the California Court of Appeal affirmed the judgment of the superior court on March 11, 2005, and the Supreme Court of California denied review on May 18, 2005, petitioner filed a petition for a writ of habeas corpus in the Supreme Court of California. See In re Mailliard King, No. S136745 (Cal. filed Aug. 26, 2005). The petition is still pending in the state supreme court.

Petitioner must exhaust state judicial remedies as to all claims before turning to the federal courts for habeas review. 28 U.S.C. § 2254(b),(c). This requirement is not satisfied if there is a pending post-conviction proceeding in state court. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). A would-be federal habeas petitioner

1  must await the outcome of all pending state post-conviction proceedings before his state
2  remedies are exhausted. See id. Even if the federal constitutional question raised by the
3  petitioner cannot be resolved in the pending state proceeding, that proceeding may result
4  in the reversal of the petitioner's conviction (or sentence) on some other ground, thereby
5  mooting the federal question. See id. (citations omitted). Petitioner must wait until his
6  pending habeas petition in the state supreme court is resolved before seeking habeas
7  relief in federal court. There are no extraordinary circumstances in this matter
8  compelling a different conclusion.

     Accordingly, the instant petition is DISMISSED without prejudice to refiling a new petition after all pending state post-conviction proceedings are completed.

     The clerk shall close the file and terminate all pending motions as moot. No fee is due.

SO ORDERED.

DATED:   02/16/06

THELTON E. HENDERSON
United States District Judge

2