FILED

2006 APR 27 PM 4:41

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
N.D. OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MAILLIARD LUCEIN KING,  )
        Petitioner,  )   No. C 06-0934 TEH (PR)
    vs.  )   ORDER REGARDING
                                               )   PETITIONER'S MOTION
THOMAS L. CAREY, Warden,  )   SEEKING TO STAY
                                               )   FEDERAL PETITION
        Respondent(s).  )
                                               )   (Docket No. 4)

       Petitioner, a state prisoner incarcerated at California State Prison, Solano, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his October 24, 2003 conviction and sentence from the Superior Court of the State of California in and for the County of San Mateo. On February 17, 2006, the instant petition was dismissed without prejudice to refiling a new petition after all pending state post-conviction proceedings are completed. Thereafter, Petitioner filed a motion seeking to hold the federal petition in abeyance during ongoing state court proceedings (docket no. 4). In his motion, Petitioner does not elaborate on why a stay is necessary in this case.

       A prisoner who runs the risk of having the federal statute of limitations expire while he is exhausting his state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace v. DiGuglielmo, 125 S. Ct. 1807, 1813 (2005). The stay is not automatic; there must be good cause for it. In Rhines v. Weber, 125 S. Ct. 1528, 1534-35 (2002), the U.S. Supreme Court discussed the stay-and-abeyance procedure. The Rhines Court cautioned district courts against being too liberal in

allowing a stay because a stay works against several of the purposes of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Rhines, 125 S. Ct. at 1534. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. at 1535. Any stay must be limited in time to avoid indefinite delay. Id. Reasonable time limits would be 30 days to get to state court, as long as necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. See id.; Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir. 2003).

In the instant case, Petitioner's request is inadequate because he did not identify why he needs a stay (ie, whether a future habeas petition will be time-barred.) Nor has he explained why he failed to exhaust the claim(s), whether his unexhausted claim(s) have merit and that he is not intentionally delaying resolution of his constitutional claims. His request for a stay and abeyance therefore is DENIED (docket # 4.) This denial is without prejudice to Petitioner filing a new motion for a stay in which he provides the required information. In the motion, if he chooses to file one, he must inform the Court why he seeks a stay (ie, whether he contends that the statute of limitations is close to expiring), the nature of each and every claim he is attempting to exhaust in state court, why he has not yet exhausted the unexhausted claim(s), whether his unexhausted claim(s) are meritorious, and that he is not intentionally delaying resolution of his constitutional claims. The motion for a stay and abeyance must be filed no later than thirty days from the date of this order. In the alternative, if Petitioner chooses, he may return to federal court after he has exhausted

1  his claim(s) in state court and file a habeas petition including all exhausted claims.[1]  In that
2  event, Petitioner need not file anything further in this closed matter.
3       SO ORDERED.
4  DATED: 4/27/06                  /s/ Thelton E. Henderson
                                    THELTON E. HENDERSON
5                                   United States District Judge

---

[1] Petitioner must be mindful of the statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

3