**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAILLIARD KING, | No C-06-934 TEH (PR) |
|     Petitioner, | |
|     v. | ORDER TO SHOW CAUSE |
| D. K. SISTO, WARDEN, | |
|     Respondent. | |

Petitioner, a state prisoner incarcerated at California State Prison, Solano, in Vacaville, California, has filed a pro se Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from San Mateo County Superior Court.

I

On October 24, 2003, Petitioner was sentenced to 25 years to life in state prison under the Three Strikes law following his convictions of drug possession. On March 11, 2005, the California Court of Appeal affirmed the judgment, and on May 18, 2005, the

California Supreme Court denied his Petition for Review.

On June 26, 2006, the California Supreme Court denied his Petition for Writ of Habeas Corpus.

## II

This Court may entertain a Petition for a Writ of Habeas Corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

Petitioner seeks federal habeas corpus relief on the grounds that: (1) he was denied his Fifth and Fourteenth Amendment rights because of a delay in being read his rights under Miranda v. Arizona, 384 U.S. 436 (1966); (2) he was denied his rights to due process and a fair trial because "planted and tampered evidence" was introduced against him at his trial; (3) he was denied his due process rights as a result of judicial misconduct; (4) he was denied his Sixth Amendment right to the effective assistance of both trial and appellate counsel; (5) he was denied his right to due process as a result of prosecutorial misconduct; and (6) he was denied his right to due process because there was insufficient evidence of his prior conviction to support a prior strike sentence enhancement.

Liberally construed, Petitioner's claims appear cognizable under § 2254 and merit an Answer from Respondent. See Zichko v.

2

*Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

## III

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this Order and the Amended Petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within 60 days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a Writ of Habeas Corpus should not be granted. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within 30 days of his receipt of the Answer.

3. In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within 30 days of receipt of the motion, and

3

Respondent shall file with the Court and serve on Petitioner a Reply within 15 days of receipt of any Opposition.

    4.    Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner also must keep the Court and all parties informed of any change of address.

IT IS SO ORDERED.

DATED    04/13/09  
                                              **THELTON E. HENDERSON**  
                                              **United States District Judge**

`G:\PRO-SE\TEH\HC.06\King-06-934-osc.wpd`